ASUEGA, FESAGAIGA et al., Plaintiffs

v.

MAUGA PALEPOI of Pago Pago, Defendant

No. 8-1953

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Mauga" of Pago Pago]

April 30, 1953

ARTHUR A. MORROW, *Chief Judge;* APE, *Associate Judge;* and TAUALA, *Associate Judge.*

OPINION AND ORDER

Heard at Fagatogo April 6–9, 1953 before MORROW, *Chief Judge* and APE and TAUALA, *Associate Judges.*

Fesagaiga and Solosolo for the petitioners; Atufili for Mauga Palepoi.

OPINION OF THE COURT

MORROW, *Chief Judge.*

This is a petition by certain members of the Mauga family to remove Palepoi as matai of the Mauga family.

On December 22, 1952 Mauga Palepoi was convicted of a felony, viz: smuggling alcoholic liquor into American Samoa and illegally possessing the same, in violation of Sec. 1327 of the A. S. Code. He was sentenced to pay a fine of $50.00 and to serve 3 months in jail. This was his third conviction. In 1924 he was convicted of assault and battery and sentenced to pay a fine of $100.00 and $25.00 costs while in 1946 he was convicted of illegally possessing alcoholic liquor and sentenced to pay a fine of $150.00 or go to jail for six months. It is claimed by the petitioners, in view of these convictions and an alleged very poor general reputation, that Palepoi should be removed as matai of the Mauga family.

It should be stated that upon his having been sentenced to jail for this third offence the Governor granted him a stay of execution of the jail sentence in order to afford the family an opportunity to bring proceedings to remove him

from the Mauga title so that if he should be removed he would not take the title to jail with him, [and] thereby bring disgrace upon the members of his family.

■ The members of the Mauga family seeking Palepoi's removal as matai proceeded under Sec. 934 of the Code, the applicable part of which section reads as follows:

"Whenever three-fourths of all adult persons in a family desire the removal of the matai, and they so state their desires to the Registrar of Titles in writing, setting forth their reasons, a notice to that effect, containing all signatures shall be posted for thirty days in the usual manner. A copy of such notice will be furnished to the matai and upon his request he will be given a hearing on the subject before the High Court of American Samoa. If, within a reasonable time no hearing is requested by the matai, or if upon hearing, no sufficient reason is shown to the Court why the matai should not be removed from office, such fact will be certified by the Court to the Registrar of Titles and the Registrar of Titles will remove the name of the matai from the records of matai titles."

The petition was signed by 168 persons claiming to be members of the Mauga family. The petition and signatures were posted according to law and a copy given to Mauga Palepoi. Within a reasonable time he requested a hearing before the High Court.

The petitioners claim that they constitute at least three-fourths of all adult persons in the Mauga family. Mauga Palepoi claims that they do not.

■ A person reaches his majority in American Samoa at eighteen. Sec. 978, A. S. Code. Thirty-nine of the petitioners indicated after their respective signatures that they were less than 18 years of age. There was no evidence to the contrary. We consider that these 39 signatures on the petition should be disregarded. That leaves 129 signatures to consider. Mauga who has been the matai for 18 years testified that only 10 of the signers on the petition were true family members. Fesagaiga, a blood member of

the family and a principal witness for the petitioners as well as counsel for them, when asked by the Court as to how many blood members there were in the Mauga family, estimated that there were about 500 in all and of these he estimated that 400 were adult blood members.

■ Of course those related by blood to the title are members of the family. But there are others also. A Samoan marries outside his clan. Consequently when a young man marries, either his wife comes to live with him in his family or he goes with her to live in her family. Under Samoan customs both are considered members of the family in which they live. This results in those who are called "married persons to the family" being family members although they have no blood of the family in their veins. They are family members but not blood members.

■ Mauga is a very high title. Related to it but not by blood are certain chiefs in Pago Pago who constitute the Tei, Anoalo, Nofofanau, Anoaloifale and Launiusaelua. On account of the relationship between these chiefs and the Mauga title Mauga claims that such chiefs and their family members are members of the Mauga family and that all such persons should be counted in determining whether three-fourths of the adult members of the family have petitioned for Mauga's removal. While the evidence indicates that these chiefs do have some historical connection with the Mauga title and in certain circumstances something to do with the selection of a Mauga, we do not believe that they and their family members are members of the Mauga family in the sense that the word "family" is used in Sec. 934 of the Code. We think the word "family" as used in that section is intended to include only those persons related by blood to the title, married persons to the family (as that phrase is clearly understood in American Samoa) plus an occasional person who may be actually living in the

family on family land, rendering service to the title and who is considered by the family as one of its members. Such occasional persons are very rare.

If Fesagaiga's estimate of 400 adult blood members of the family be twice the actual number and if all of the 129 adult signers on the petition are blood members (and not only 10 of them as claimed by Mauga) then it is very apparent that three-fourths of the adult members of the family have not signed the petition as required by Sec. 934. Three-fourths of 200 (which is one half of Fesagaiga's estimate of the 400 adult blood members) is 150 which is 21 more than 129. And if we take Fesagaiga's estimate of 400 as correct, then the 129 (conceding for the sake of argument that all of the 129 are adult blood members) fall short by 171 of being three-fourths of 400 (three-fourths of 400 being 300).

Mauga filed a list of 549 persons which he claimed to be members of the Mauga family and which the evidence indicated opposed his removal. Some of the signatures on the list of 549 were obviously written by the same hand and Mauga admitted that he wrote 64 of them himself. It was very clear from the evidence that many members of the family did not wish to be involved either for or against the removal of Mauga, as matai and their names do not appear either on the petition or in the list of 549. We, of course, must consider the adult members of the family whose names do not appear on either list as well as those whose names are on the lists. Section 934 reads "Whenever three-fourths of *all* (emphasis ours) adult persons in a family desire, etc." and not "Whenever three-fourths of all adult persons in a family who are included in lists, etc."

Even if it be conceded for the sake of argument that all of the 129 adult signers on the petition are blood members of the Mauga family, the judges are unanimously of the opinion that these 129 do not constitute three-fourths of

74

all the adult persons in the Mauga family. In order that the 129 should constitute three-fourths of all the adult members there could not be more than a total of 172 (three-fourths of 172 is 129) adult members in the Mauga family altogether. If the 129 are three-fourths of all the adult family members, that would mean that there could not be more than 43 (172 less 129) adult members who did not sign the petition. We are satisfied from the evidence (and particularly from the estimate of witness Fesagaiga, counsel for the petitioners and a blood member of the family, that there are 400 adult blood members—and this does not count married persons to the family) that there are many more than 43 adult blood members who did not sign the petition.

■ It is our conclusion from the evidence that three-fourths of all the adult persons in the Mauga family did not sign the petition as required by Sec. 934 of the Code.

It follows, therefore, that the petition to remove Mauga Palepoi as the matai of the Mauga family should not be considered on the merits, and that it should be dismissed.

### ORDER DISMISSING PETITION

Accordingly it is ORDERED that the petition filed in this case to remove Mauga Polepoi as the matai of the Mauga family be and it is hereby dismissed.

Costs in the amount of $100.00 are hereby assessed against Asuega and Fesagaiga, the same to be paid within 60 days.